# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **JOHNNY GODFREY JR** | **CASE NO. 6:24-CV-00410** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **EUNICE CITY COURT ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Plaintiff, Johnny Godfrey, Jr., filed this lawsuit without the assistance of legal counsel and *in forma pauperis*. His complaint was screened under 28 U.S.C. § 1915(e)(2)(B) to determine whether the Court has subject matter jurisdiction and whether his claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. For the reasons explained below, the Court recommends that this lawsuit be dismissed for lack of jurisdiction and/or failure to state a claim upon which relief may be granted.

### Facts and Procedural History

Plaintiff initially filed suit in the Eastern District of Louisiana in February 2024. His *pro se* form complaint is entitled "Complaint for Employment Discrimination & Complaint for a Civil Case Alleging that the Defendant Owes Plaintiff a Sum of Money." He sued the cities of Eunice and Ville Platte, Facebook, Twitter, Apple, Inc., and "Ruby, Renee Ivory." (Rec. Doc. 1; 6). He alleged: "My

life was almost taken, people duplicated pages of Jay Ivory, lied on me, stole pics, vid., discriminated against me badly, came homeless, lost jobs, etc. My name was stolen…" (Rec. Doc. 1; 6, p. 5). He filed an amended complaint against Rajanee Ivory which is a diatribe of profanity and allegations of a personal nature. (Rec. Doc. 17).

In addition to the complaints, Plaintiff filed a motion entitled "Requesting for motion to pay me money, ownership and name changes for both cities," in which he asserts a litany of complaints about unidentified people in Ville Platte and Eunice harassing him. He seeks "ownership of both communities" and to change the city names from "Eunice" to "Godfrey" and from "Ville Platte" to "Jay Ivory." (Rec. Doc. 14). On the same date, Plaintiff filed a motion entitled "Requesting motion to grant court winnings and issue warrants to people" in which he again alleges mistreatment generally and asks the Court to order "these people" to pay him. (Rec. Doc. 15).

The cities of Ville Platte and Eunice filed Motions to Dismiss for improper venue and for failure to state a claim. (Rec. Doc. 12 and 13. See also Rec. Doc. 31). The case was transferred to this Court as the district in which the Louisiana defendants are located. (Rec. Doc. 18-20). The Court first examines the case to determine whether subject matter jurisdiction exists.

## Law and Analysis

### I. Standards Applicable to *pro se* and *in forma pauperis* Litigants

Plaintiff is not represented by counsel. The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). However, *pro se* plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). A *pro se* litigant should ordinarily be offered an opportunity to amend his complaint before it is dismissed but leave to amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Rule 12(b)(6) motion to dismiss. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014). Furthermore, *pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Plaintiff filed a motion for *in forma pauperis* status along with his complaint. An indigent person may bring an *in forma pauperis* action in federal court without paying costs. 28 U.S.C. § Section 1915(a)(1). District courts screen such complaints and may dismiss them at any time if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A dismissal "at any time" includes dismissal at the initiation of the action before the defendant has appeared. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). This "discourage[s] the filing of, and waste of judicial and private resources upon, baseless lawsuits" and "spare[s] prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324; 327 (1989). A court must not dismiss a complaint simply because the facts presented by the plaintiff appear unlikely. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, a complaint must allege a set of facts sufficient "to state a claim. . . that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *Denton v. Hernandez*, 504 U.S. at 32 (citing *Neitzke v. Williams*, 490 U.S. at 327).

District courts are vested with especially broad discretion in determining whether a dismissal for frivolousness is warranted in cases brought by plaintiffs *in forma pauperis*, and dismissal is appropriate if a complaint has no "realistic chance of ultimate success" or is "clearly baseless." *Green v. McKaskle*, 788 F.2d at 1119-20; *Denton v. Hernandez*, 504 U.S. at 32. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Brewster v. Dretke*, 587 F.3d at 767. A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," while factually frivolous claims are those in which the facts alleged are clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Talib v. Gilley*, 138 F.3d at 213; *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).

In determining whether a complaint filed by a plaintiff proceeding *in forma pauperis* fails to state a claim, the court should apply the same standards governing dismissals under Fed. R. Civ. P. 12(b)(6). *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). Thus, the court must limit itself to the contents of the pleadings, accept all well-pleaded facts as true, view the facts in a light most favorable to the plaintiff, and determine whether the plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

## II. The Court lacks subject matter jurisdiction.

The Fifth Circuit has instructed that certain claims are subject to dismissal for lack of subject matter jurisdiction by virtue of their frivolousness and implausibility:

> Some claims are "so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy." *See Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974). Federal courts lack power to entertain these "wholly insubstantial and frivolous" claims. *Southpark Square*, 565 F.2d at 343–44. Determining whether a claim is "wholly insubstantial and frivolous" requires asking whether it is "obviously without merit" or whether the claim's "unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject." *Id.* at 342.

*Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019).

After reviewing Plaintiff's complaint, as amended and supplemented by various motions, the Court finds that Plaintiff's claims are wholly insubstantial, frivolous, and obviously without merit and fail to set forth any cognizable federal claim. The totality of Plaintiff's prolix pleadings indicate that he is seeking to recover for alleged bullying and harassment. Many of his allegations are against no identified or discernible person. Identified individuals are non-diverse. Otherwise, Plaintiff does not assert any employment-based claims, any non-frivolous claims against any public official, or any other claim that could conceivably justify federal court jurisdiction. Although his pleadings are peppered with certain buzzwords, such as "harassment" and "discrimination," his complaints and motions do not present a

cognizable federal claim. As such, the Court finds that subject matter jurisdiction does not exist and recommends that the suit be dismissed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 4th day of April, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE